# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HAROLD R. EDWARDS, | § | |
| | § | No. 32, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1405023636 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 28, 2016
Decided: February 27, 2017

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## ORDER

This 27th day of February 2017, upon consideration of the appellant's brief under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1)    In August 2014, Harold R. Edwards was indicted for two counts of Robbery in the First Degree and three counts of Shoplifting. In 2015, a Superior Court jury found Edwards guilty of all five counts. The Superior Court sentenced Edwards to a total of fifteen years of unsuspended Level V incarceration followed by one year of Level III probation.[1] This is Edwards' direct appeal.

---

[1] In the same sentencing proceeding, Edwards also was sentenced to two years of incarceration in an unrelated case, Cr. ID No. 1405024210. Edwards' conviction in that case is not a part of this appeal.

(2) On appeal, Edwards' trial counsel has filed a no-merit brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel provided Edwards with a copy of the motion to withdraw and the no-merit brief in draft form and advised Edwards that he could submit written points for the Court's consideration. Edwards' written points are included in the brief filed with the Court. The State has filed a response to Edwards' points and has moved to affirm the Superior Court's judgment.

(3) When reviewing a motion to withdraw and brief under Rule 26(c), the Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[2] Also, the Court must conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[3] In this case, having conducted "a full examination of all the proceedings" and found "no nonfrivolous issue for appeal,"[4] the Court is satisfied that Edwards' counsel made a conscientious effort to examine the record and the law and properly determined that Edwards could not raise a meritorious claim on appeal.

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[3] *Penson v. Ohio*, 488 U.S. at 82.
[4] *Id.* at 80.

2

(4)    The indictment against Edwards arose from a series of thefts from Wawa convenience stores and an Exxon gas/convenience store in April and May 2014. All of the stores were located on Philadelphia Pike in or near Wilmington. And in all of the thefts, Edwards stole only cartons of Newport 100s cigarettes. Identity was not an issue at trial. Edwards admitted that he was guilty of shoplifting in all five incidents. His defense strategy focused on challenging the two counts of first degree robbery.

(5)    The first three incidents led to the shoplifting charges. In those incidents, as could be seen from the store surveillance videos played at trial, Edwards simply grabbed the cigarette cartons from the checkout counter and walked out of the store without paying for them.

(6)    The fourth and fifth incidents led to the robbery charges. In the fourth incident, which was at a Wawa, Edwards allegedly had a knife and threatened the store clerk. In the fifth incident, which was at the Exxon, the store manager was injured. The store surveillance video from the Exxon incident was misplaced prior to trial.

(7)    At trial, witnesses testified that Edwards got into a physical altercation with the Exxon store manager as the manager was trying to keep Edwards from leaving the store with the cigarettes. Three witnesses also testified that, when struggling to leave the store with the cigarettes, Edwards took the lid off of an

3

outdoor ashtray stand and swung it at the manager and a store employee who were trying to restrain him. Although the three witnesses were interviewed at the scene by the police officer who wrote the police report, the police report made no mention of the ashtray, and at trial, the police officer testified that he had no memory of the witnesses telling him that Edwards swung an ashtray lid at the store manager and employee. The police officer testified that he "possibly, most probably" took notes when interviewing the witnesses, but that he had discarded the notepad and no longer had the notes.[5]

(8) Edwards has raised the following claims on appeal: (1) the Exxon robbery charge should have been tried separately from the other charges; (2) the jury instructions did not sufficiently inform the jury of the meaning of the term "physical injury"; (3) the State failed to preserve potentially exculpatory evidence; (4) the evidence at trial was conflicting and insufficient; and (5) there were errors in the jury selection process.

(9) Edwards contends that the robbery charge associated with the Exxon incident should have been severed and tried separately from the other robbery and the shoplifting charges associated with the Wawa incidents. Edwards did not file a

---

[5] Trial Tr. at 169–70 (May 19, 2015).

4

motion to sever in the Superior Court. Consequently, our review of the claim is limited to plain error.[6]

(10) Under the plain error standard of review, the error complained of must be so prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process.[7] Plain error is a material defect apparent on the face of the record, basic, serious and fundamental in character, and that deprives an accused of a substantial right or manifests injustice.[8]

(11) Superior Court Criminal Rule 8 permits two or more offenses to be charged in the same indictment "if the offenses charged are of the same or similar character or are based on the same act or transaction or on two or more acts of transactions connected together or constituting parts of a common scheme or plan."[9] In Edwards' case, it was appropriate to indict all five charges together as part of a common scheme or plan. When allegedly robbing the Exxon on May 27, 2014, Edwards attempted to steal cartons of Newport 100s cigarettes, the same things he had stolen from the nearby Wawas on April 20 and 21, 2014, and May 24, 2014. The month-long lapse of time between the first incident and the last incident, and the fact that one incident took place at an Exxon and the other incidents occurred at

---

[6] Del. Supr. Ct. R. 8. *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).
[7] *Wainwright*, 504 A.2d at 1100.
[8] *Id.*
[9] Del. Super. Ct. Crim. R. 8(a).

5

Wawas, did not require severance and a separate trial on the Exxon robbery charge.[10] Moreover, Edwards' trial counsel made a tactical decision to use the Wawa shoplifting charges to argue that Edwards had merely been shoplifting from the Exxon, not robbing it.[11] Under all of these circumstances, Edwards cannot show plain error from having been tried on the Exxon robbery charge with the other charges.[12]

(12)   Edwards contends that the jury instructions did not sufficiently inform the jury of the meaning of the term "physical injury." Edwards did not raise the claim in the Superior Court. We have reviewed the claim for plain error and found none. The Trial Judge instructed the jury that "[p]hysical injury means impairment of physical condition or substantial pain,"[13] as the term is defined in the Delaware Criminal Code.[14]

(13)   In his third claim, Edwards contends that the State failed to preserve the Exxon surveillance video and the police officer's interview notes as discoverable

---

[10] *Skinner v. State*, 575 A.2d 1108, 1118 (Del. 1990).

[11] *See Johnson v. State*, 983 A.2d 904, 923 (Del. 2009) ("[P]lain error is predicated upon oversight, as opposed to a tactical decision, of counsel.").

[12] To the extent Edwards claims that his trial counsel's failure to seek severance was ineffective representation, the claim is unavailing. This Court will not entertain an ineffective assistance of counsel claim on appeal if the Superior Court did not consider the claim in the first instance. *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).

[13] Trial Tr. at 142 (May 21, 2015).

[14] *See* 11 *Del. C.* § 222(23) (Supp. 2017) (defining "physical injury" in list of general definitions).

evidence. Edwards did not raise the issue of the police officer's notes in the Superior Court. We have reviewed that part of the claim for plain error.

(14) The State is obligated to preserve evidence that is material to a defendant's guilt or innocence.[15] Evidence is material if there is a reasonable probability that it would have changed the outcome of the proceeding.[16] When there has been a failure to preserve evidence material to a defendant's guilt or innocence, the Superior Court will consider to what extent the failure to preserve is prejudicial to the defendant.[17] If circumstances warrant it, the court will instruct the jury that the defendant is entitled to an inference that the missing evidence would have been exculpatory.[18]

(15) The record does not reflect that Edwards was prejudiced by the State's failure to preserve the police officer's notes. Assuming that the notes were discoverable evidence, the notes were not material to Edwards' guilt or innocence. The evidence at trial included the police report, which made no mention of the ashtray lid, as well as the police officer's trial testimony that he had no recollection of the witnesses telling him about the lid. Under these circumstances, assuming that

---

[15] *Thomas v. State*, 2015 WL 9265084, at **3 (Del. Dec. 17, 2015) (citing *Deberry v. State*, 457 A.2d 744, 754 (Del. 1983)).
[16] *United States v. Bagley*, 473 U.S. 667, 682 (1985).
[17] *Caldwell v. State*, 2004 WL 2937673, at *2 (Del. Dec. 17, 2004) (citing *Hammond v. State*, 569 A.2d 81, 87–90 (Del. 1990)).
[18] *Id.*

7

the notes were exculpatory, the notes would have added little to Edwards' defense. Also, where there is no indication that the notes were destroyed in bad faith or that there was insufficient evidence to support the jury verdict, the record does not reflect that Edwards was prejudiced by the absence of a missing evidence jury instruction.[19]

(16)   As for the missing Exxon surveillance video, the State acknowledged at trial that it failed to preserve the video.  The Trial Judge instructed the jury as follows:

> In this case, the Court has determined that the State failed to collect and preserve certain evidence that is material to the defense; namely, the security surveillance video of the incident alleged to have occurred at the Exxon Gas Station on Philadelphia Pike on May 27, 2014.  The failure of the State to collect and preserve this evidence entitles Mr. Edwards to an inference that if such evidence were available at trial it would be exculpatory.  That means that for purposes of deciding this case you are to assume that the missing evidence, had it been collected and preserved, would not have incriminated Mr. Edwards and would have tended to prove Mr. Edwards not guilty.[20]

The missing evidence jury instruction was appropriate.  Edwards has not identified, and the record does not reflect, that he is entitled to further relief as a result of the misplaced video.

---

[19] *See Wainer v. State*, 2005 WL 535010, at *3 (Del. Feb. 15, 2005) ("At most, [the defendant] has shown that the destruction of the [police officer's] notes was negligent, but he has not shown bad faith, prejudice, or insufficient evidence.  Accordingly, the Superior Court properly denied [the defendant's] request for a missing evidence instruction.").

[20] Trial Tr. at 155–56 (May 21, 2015).

(17) Edwards challenges the sufficiency of the evidence. He contends that the witnesses' testimony was conflicting and that the evidence did not establish that the Exxon store manager incurred a "physical injury" as that term is used in the statute governing robbery in the first degree.

(18) At the close of the State's case in chief, Edwards' trial counsel challenged the sufficiency of the evidence in "a general motion for judgment of acquittal with respect to all charges."[21] The Trial Judge denied the motion as follows:

> I will generally deny [the acquittal motion] with the appropriate standard when viewing the evidence and all reasonable inferences from the evidence in the light most favorable to the State could a rational jury find the defendant guilty here? Clearly, I think that's the case, obviously with the shopliftings, because you've admitted them.
>
> And with respect to the testimony today and Count 1, about that robbery, we have the testimony of [the Wawa store clerk] that he saw a knife, that there was a threat to kill him, and connected with the taking of the cigarettes, those are the elements of robbery first degree.
>
> Viewed in the light most favorable to the State with respect to the testimony about the companion robbery charge, we had the testimony of [the Exxon store manager] that there was an attempt to steal a case of cigarettes, and during that struggle an attempt to overcome the resistance of the taking of property, [the store manager] got injured; hands, elbows, knee was bleeding, so I think in light of all that, a reasonable—well, in light of that evidence taken in the light most favorable to the State, certainly a reasonable juror could find defendant guilty of that charge, as well, so I'm going to deny that motion.[22]

---

[21] *Id.* at 77.

[22] *Id.* at 77–78.

(19)  This Court reviews the denial of a motion for judgment of acquittal *de novo* to determine "whether *any* rational trier of fact, viewing the evidence in the light most favorable to the State, could find the defendant guilty beyond a reasonable doubt."[23]  Review of the jury's factual findings is deferential.[24]  The jury is the sole trier of fact responsible for determining witness credibility, resolving any conflicts in the testimony, and drawing all reasonable inferences from the proven facts.[25]

(20)  To convict Edwards of first degree robbery in the Exxon incident, the State was required to prove that, in the course of committing theft or immediate flight therefrom, Edwards used or threatened the use of immediate force upon another person with intent to prevent or overcome resistance to the taking of the property or to the retention thereof immediately after the taking and that Edwards caused physical injury to a person who was not a participant in the crime.[26]  As previously noted, physical injury is defined as "impairment of physical condition or substantial pain."[27]  The Court has held that "pain and bruising can be sufficient to establish impairment of physical condition giving rise to physical injury."[28]  Also,

---

[23] *Robertson v. State*, 596 A.2d 1345, 1355 (Del. 1991).
[24] *Morgan v. State*, 922 A.2d 395, 400 (Del. 2007).
[25] *Id.*
[26] *See* 11 *Del. C.* § 832(a)(1) (Supp. 2017) (governing robbery in the first degree).
[27] *Supra* note 13.
[28] *Mercer v. State*, 2009 WL 4164765, at *3 (Del. Nov. 25, 2009).

the Court has held that a victim's testimony alone is sufficient to establish physical injury.[29]

(21)  In this case, the store manager and other witnesses to the Exxon incident testified that the manager was injured as he was attempting to keep Edwards from leaving the store with the stolen cigarettes.  The manager and the witnesses testified that the manager suffered scratches on his hands from which he was bleeding, and that his knees and arm were hurt.  EMS treated the manager at the scene, and the manager went to the hospital for treatment.  Under *de novo review*, the Court concludes that the evidence at trial was sufficient for the jury to find, beyond a reasonable doubt, that the Exxon manager incurred a "physical injury" as that term is used in the first degree robbery statute.[30]  Edwards' claim to the contrary is without merit.

(22)  In his final claim on appeal, Edwards contends that the jury selection process in his case was flawed because the jury pool was not sufficiently diverse.[31]  Relying on a document he submitted with his written points, Edwards contends that

---

[29] *Williamson v. State*, 113 A.3d 155, 159 (Del. 2015).

[30] *See supra* note 25.

[31] The United States Supreme Court has held that the jury venire from which a jury is selected must represent a fair cross-section of the community. *Duren v. Missouri*, 439 U.S. 357, 363-64 (1979).

there were only five blacks in the jury pool.[32] Edwards further contends that the State used its peremptory challenges to strike black jurors.[33]

(23) In his two-part jury diversity claim, Edwards is required to make a *prima facie* showing of an infringement of the fair cross-section requirement[34] and that the State used its peremptory challenges on the basis of race.[35] Edwards did not raise either part of the claim in the Superior Court. In the absence of the Superior Court's consideration of the claim, the Court declines to consider the claim on appeal.[36]

---

[32] Edwards submitted a non-record "juror profile" document listing a pool of twenty-eight jurors in his case, of which five (18%) were identified as black. According to Edwards, the document demonstrates that the jury pool did not represent a fair cross-section of blacks, which he says is estimated to be 21% of the voting population in Delaware, as reflected in another non-record document submitted by Edwards, *i.e.*, a chart depicting the race profiles of the voting age population in Delaware in 2015. In response to Edwards' submission, the State contends that Edwards' juror profile document relates to a smaller jury pool from which additional alternates were selected in his case.

[33] The United States Supreme Court has held that "a prosecutor may exercise peremptory challenges for any reason at all, 'as long as that reason is related to [the prosecutor's] view concerning the outcome of the case to be tried' and not based 'solely on account of the juror's race or on the assumption that black jurors as a group will be unable impartially to consider the State's case against a black defendant.'" *Guy v. State*, 999 A.2d 863, 868 (Del. 2010) (quoting *Batson v. Kentucky*, 476 U.S. 79, 89 (1986)).

[34] *Blount v. State*, 511 A.2d 1030, 1037 (Del. 1986) (citing *Duren v. Missouri*, 439 U.S. 357, 364 (1979)).

[35] *Robertson v. State*, 630 A.2d 1084, 1089 (Del. 1993) (citing *Batson v. Kentucky*, 476 U.S. 79, 96 (1986)).

[36] Del. Supr. Ct. R. 8.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

_____
Justice

13